E. Franklin Crane *versus* Uriah T. Pearson.

As security for the payment of a debt, P. gave W. a written agreement, acknowledging that he had received of W. a horse, as his property, which he would return to him, at a time therein specified, *or* pay the debt. The horse, at the time, was, in fact, the property of P. and no delivery of it was made to W.; afterwards P. sold the horse : — *Held*, that the property passed to the vendee; that the writing held by W., was not a bill of sale, nor was it a mortgage, and, by it, no interest in the property was conveyed to W.

This was an action of replevin, submitted to the full Court, upon a report of the evidence offered at *Nisi Prius*, Appleton, J., presiding.

From the report, it appears, that one Pollard, on November 13th, 1852, was at *Cartland Station*, with his team of four horses, two of which he exchanged with one Webber for two of his horses, and agreed to pay Webber for the exchange, sixty-five dollars. After Pollard's team had left, Webber, as security for the payment of the sixty-five dollars, requested a writing, which Pollard signed, of the effect following : — that he had received of said Webber, as Webber's property, the sorrel horse used by him, (Pollard), which he agreed to keep, free of expense to Webber, and return the same to him in April following, *or* pay him twenty-two dollars, also, the same amount in July, and twenty-one dollars in October (then) next, with interest.

The sorrel horse, the property in controversy in this action, was not one of the horses exchanged; and Webber

never had any title to him, except by that writing. There was no delivery of the horse to Webber; nor had he ever any possession of him. Pollard paid the first installment, but the remainder of the debt remains unpaid. The horse remained in the possession of Pollard, and about two years afterwards, he sold him to one Jones, who had no knowledge of Webber's claim. The plaintiff obtained the title of Jones by purchase.

Webber assigned the agreement to the defendant, who took the horse from the plaintiff about a year after he had purchased him of Jones.

*Crosby*, for the plaintiff.

*Knowles*, for the defendant.

The opinion of the Court was drawn up by

APPLETON, J. — The plaintiff derives his title to the sorrel horse from Pollard, whose ownership was unquestioned prior to Nov. 13, 1852. The defendant claims to hold under the agreement of that date, given by Pollard to Webber, he having Webber's rights.

The evidence shows that Pollard never sold nor delivered the horse to Webber, nor exchanged it with him.

Webber's right is by virtue of the agreement with Pollard, of Nov. 13. But that is not a bill of sale. Neither is it a mortgage. If it were, it is not recorded. It is a contract in the alternative — to return the property or to pay the sums mentioned therein. It would bind the person signing, but would convey no interest in the property to which it refers. *Buswell* v. *Bicknell*, 17 Maine, 344. *Perkins* v. *Douglas*, 20 Maine, 317. *Dearborn* v. *Turner*, 16 Maine, 17. The defendant shows no title to the horse in controversy.          *Defendant defaulted.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.