## IMOZENS MOSER *et al.*

*v.*

## DAVID KREIGH *et al.*

1. TRIAL—*of general and special objections—if removable must be specially stated.* This court has repeatedly said, that a general objection to an instrument of evidence, raises only the question of relevancy. If obnoxious to a special objection, that objection must be stated, in order that the party offering the proof, may, if in his power, have an opportunity to remove the objection. When the objection could not, from its nature, be removed by proof, such objection need not be specified, but is available on appeal or error.

2. CORPORATIONS—*when acts of an officer—presumed to have been done with authority.* Where an instrument undertaking for the delivery of personal property on the order of a corporation, was assigned by its president, the authority to make such transfer will be presumed, in the absence of proof to the contrary.

3. CHATTELS—*what amounts to a delivery of.* M & W gave to the Union National Bank a warehouse receipt, undertaking to deliver certain personal property on its order. This order the bank assigned to K & Co., to and for whom M, (one of the firm of M & W,) pointed out and separated from the common mass in the store, the articles covered by such receipt; and at the request of K & Co., who then and there took a list of the articles, M assented to take charge of them for K & Co. until called for by their order: *Held*, in an action of replevin by K & Co. against M & W, to recover the property, that the transaction must be regarded as an acknowledgment of ownership in K & Co., and as an actual delivery to them, entitling them to the possession.

4. ESTOPPEL. That M having turned out the property to K & Co., the firm of M & W cannot now claim that the articles so pointed out by M, and separated from the common stock, were not the same for which the receipt was given.

WRIT OF ERROR to the Circuit Court of Cook county ; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion fully states the case.

Mr. J. N. JEWETT, for the plaintiffs in error.

Mr. M. W. FULLER, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin in the Circuit Court of Cook county, brought by David Kreigh and Company, against Moser and Wild, for a quantity of soap, lard, oils and candles.

The pleas were *non cepit*, property in defendants, and property in one Thomas Miller. To each special plea, two replications were put in, one denying the property to be as alleged in the plea, and reaffirming the plaintiffs' right, and the other, that the plaintiffs were lawfully entitled to the possession of the property when the writ issued, and on these issues the parties went to trial before the judge, a jury having been waived, and the court found for the plaintiffs and assessed the damages at one cent, for which, with costs, judgment was rendered.

To reverse this judgment, the defendants bring the record here by writ of error, and make the point, first, that the receipt of defendants should not have been admitted in evidence.

The record shows no special ground of objection—it was a general one—and this court has held, that such an objection raises only the question of relevancy. If obnoxious to a special objection, that objection must be stated, in order, if in his

power, the party offering the instrument may have an opportunity to remove the objection. *Sargeant* v. *Kellogg*, 5 Gilm. 281. The objection made, going only to the relevancy, the paper was properly admitted, it bearing the signature of defendants, and its execution by them not denied. Proof of its execution was not demanded, nor was the absence of such proof a ground of objection, its execution not being in issue.

All the cases decided by this court on this point, are of two classes, the one where the objection, if removable, must be specially urged, and cannot be made in this court for the first time; the other, where the objection is intrinsic, and which could not, from its nature, be removed by proof. Such an objection need not be specified, but is available in this court on appeal or error. No objection was made of want of power in the president of the bank to assign the instrument; had it been made on the trial, it might have been removed by the production of the by-laws of the bank, conferring this power on its president.

The instrument in question is, substantially, an undertaking for the delivery of personal property on the order of the Union National Bank, and was payable to the order of the bank, and, in the absence of proof to the contrary, it must be presumed the president had authority to transfer it. *C., B. & Q. R. R. Co.* v. *Coleman et al.,* 18 Ill. 299; *Ryan* v. *Dunlap,* 17 ib. 40.

Of the same nature is the other objection, that the paper writing, being a mere incident of the debt, could only be conveyed along with the debt it was given to secure. This objection should have been made on the trial, as the plaintiffs might have shown they were the holders of the notes also, and thus removed this objection.

But, in the view we have taken of this case, we do not deem any of the objections of any importance, for it may be admitted, the assignment of the writing alone, gave plaintiffs no power to bring replevin for the goods.

The case rests on this ground: The defendants delivered the property to the plaintiffs. Moser pointed it out to Kreigh, thus separating it from the common stock, and, although such separation might not have been, technically, an estoppel, it completed whatever was before wanting, by defining what part of the stock was held under this writing, and was an appropriation of it for the purpose of answering the requirements of the writing. Moser, having turned out the property to Kreigh, it does not lay in the mouth of his firm now to say that it is not the same for which the writing was given. Suppose A owes B a sum of money, and B agrees to accept of A his horse in a stable with other horses, and A points out the horse to B, and tells him, there he is, and B assents, cannot B maintain replevin for the horse on the refusal of A to deliver him on demand? If not, why not? We see no difference in principle in the two cases.

The witness, Kreigh, states that after he had made a memorandum of the different articles, and their location in the store as pointed out by Moser, he notified Moser to hold the property subject to the order of Kreigh & Co., saying that they would send for it. He also said to Moser, that he regarded the property as the property of his firm, and desired Moser to hold it subject to their order, to which Moser assented.

It is true, a color somewhat different from this is sought to be given to the transaction by Moser, but we perceive nothing in the record or in the character of the acts done, to invalidate Kreigh's statement. The entire transaction, as between honest men, was quite natural. Had Moser then executed a new receipt, we cannot perceive it would have strengthened Kreigh's claim to the property; it would only have simplified the proof. Suppose the president of the bank had gone with the note to the warehouse, and the same acts had been done with the property in his behalf, as were done with Kreigh, can it be doubted there would have been a complete transfer and delivery to the bank of the property in question? It is

no objection, the paper writing was not delivered up, for, on the refusal of Moser to execute a new receipt, it was necessary the original should be preserved, and, besides, Moser did not demand it should be given up to him.

We can regard the transaction in no other light than as an acknowledgment of ownership in Kreigh & Co. to the specified articles, and the separation of them from the common mass, in the mode indicated by the witness, as an actual delivery of the articles to them, entitling them to the immediate possession thereof.

The case of *Crane* v. *Pearson,* 49 Maine 97, we do not consider as analagous to this, as the horse was never delivered to Webber, symbolically or otherwise. Here was a delivery to Kreigh & Company.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*