## UNITED STATES NAT. BANK v. HOMESTEAD BANK.

*(Common Pleas of New York City and County, General Term.　May 2, 1892.)*

1. PLEADING—DEMURRER—SUFFICIENCY OF COMPLAINT.
    The fact that a complaint is drawn in flagrant disregard of the rules of pleading is not sufficient to support a demurrer thereto, if the allegations are susceptible of a construction that will support the action.

2. CONTRACTS—CONSIDERATION—COMPROMISE.
    The compromise of a doubtful or disputed claim is a sufficient consideration to uphold an *assumpsit.*

3. CORPORATION—POWERS OF PRESIDENT—COMPROMISE.
    The burden is on a corporation to show that its president had no authority to execute a compromise of a claim against it; and, in the absence of such showing, the compromise must be held binding on the corporation.

    16 N. Y. Supp. 959, *mem.,* affirmed.

Appeal from city court, general term.

Action by the United States National Bank against the Homestead Bank. From a judgment of the general term of the city court affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Charles F. MacLean,* for appellant. *Walter L. McCorkle,* (*Howard R. Bayne,* of counsel,) for respondent.

PRYOR, J. Before evidence taken, the defendant moved to dismiss the complaint, on the general ground that it was insufficient in substance; and an exception to the denial of the motion presents the first question for consideration. It is not to be denied that the complaint is drawn in flagrant disregard of the rules of pleading; but nevertheless.its allegations are susceptible of a construction that may support the action. "It is not sufficient to sustain a demurrer that the facts are imperfectly or informally averred, or that the pleading lacks definiteness, or that the material facts are argumentatively stated." *Milliken* v. *Telegraph Co.,* 110 N. Y. 403, 18 N. E. Rep. 251. "On demurrer, all reasonable intendments will be indulged in support of the pleading." *Lorillard* v. *Clyde,* 86 N. Y. 385. "On demurrer a complaint will be deemed to allege what can by reasonable and fair intendment be implied from the allegations." *Marie* v. *Garrison,* 83 N. Y. 14, 23. On a motion at the trial for judgment on a pleading the rule of construction is still more liberal in its support. Hence an answer of possession for 20 years, not stated to be adverse, though bad on demurrer, will be held sufficient to allow evidence of the adverse user, "the doctrine being that a defective pleading, though the defect be one of substance, will not warrant the judge at the circuit in excluding evidence of the claim or defense thus imperfectly set up;" and that "an issue is not immaterial on account of the omission of some averment in a pleading which is essential to the full legal idea of the claim or defense attempted to be set up." *White* v. *Spencer,* 14 N. Y. 247, 250, 251. On the face of the complaint before us it sufficiently appears that, in compromise of an unliquidated claim for services rendered by the plaintiff, the defendant promised to pay the sum of $1,200. By all authorities the compromise of a doubtful or disputed claim is a sufficient consideration to uphold an *assumpsit;* and "when an action is brought upon such a promise it is no answer to show that the claim was not a valid one." *Crans* v. *Hunter,* 28 N. Y. 389; *White* v. *Hoyt,* 73 N. Y. 505; *Dunham* v. *Griswold,* 100 N. Y. 224, 3 N. E. Rep. 76. At the close of the plaintiff's case the defendant moved to dismiss the complaint, on the ground "that no cause of action had been shown on the alleged compromise." But it was sufficiently evident that the plaintiff asserted a claim for an unliquidated amount against the defendant, and that, in discharge of it, the defendant's president agreed to pay $1,200. This version of the transaction the jury found to be true, and we have no jurisdiction

to review their verdict in the light of conflicting evidence. The defendant contends, however, that its president had no authority to make the compromise and promise the payment. Indisputably, the compromise agreement was within the corporate powers of the defendant; and "where a contract made in the name of a corporation by its president is one the corporation has power to authorize its president to make, or to ratify after it has been made, the burden is upon the corporation of showing that it was not authorized or ratified." *Patterson* v. *Robinson,* 116 N. Y. 193, 22 N. E. Rep. 372; *Bank* v. *Kohner,* 85 N. Y. 189; *Lee* v. *Mining Co.,* 56 How. Pr. 373, affirmed 75 N. Y. 601, *mem.* So far from discharging the obligation to disprove original authority in its president to make the compromise or its subsequent ratification, the defendant itself furnished evidence to warrant an inference of such authority and ratification. Supposing, however, insufficiency in plaintiff's proof, still, as the particular defect of evidence was not indicated by the motion for nonsuit, we are unable to say that it might not have been supplied upon challenge. On this ground the appeal would miscarry. *Webb* v. *Odell,* 49 N. Y. 583; *Mallory* v. *Insurance Co.,* 47 N. Y. 52, 54; *Isham* v. *Davidson,* 52 N. Y. 237. We see in the record no error involving reversal of the judgment.

Judgment affirmed, with costs.