## Mutual Benefit Life Association of America v. Coats.

1. *Insurance—Waiver of—Conditions.*—Where a health certificate, which was required by the by-laws of an insurance association for the purpose of reinstatement after a lapse, by reason of a failure to pay an assessment, was sent to the assured, whose policy had lapsed, with a notice that it was necessary, and the assured, being an illiterate person, sent it to another person with a request to sign the assured's name to it and forward it to the association, which was done, and the association, knowing that it was not the signature of the assured, received thereafter twenty-five consecutive and regular payments for annual dues and mortuary assessments, *it was held* that the receipt by the association of subsequent dues and assessments was a waiver of any possible irregularity in the execution of the health certificate.

2. *Limitation under By-laws—Waiver.*—Where the by-laws of a benefit life association provided that—"In any suit, proceeding or action brought upon a certificate of membership or claim thereunder after the expiration of one year next after the death of the member, the lapse of time shall be taken and deemed conclusive evidence against the validity of the claim thereby so attempted to be enforced, any statute of limitations of any state or government to the contrary notwithstanding"—and pending a negotiation in regard to the settlement of a claim, if the action of the association is such as to create in the mind of the claimant a reasonable hope that an adjustment would be made and thereby deter him from bringing his suit, the association will be estopped from interposing the defense of the limitation, because it had by its own course misled the claimant by inducing him to believe that his claim would be settled.

Memorandum.—Action on a benefit certificate in a life insurance association; appeal from a judgment rendered in favor of appellee by the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

*Article 10 of By-Laws offered in evidence.*

Sec. 3. In any suit, proceeding or action brought upon a certificate of membership or claim thereunder, against the association, after the expiration of one year next after the death of the member, the lapse of time shall be taken and deemed conclusive evidence against the validity of the claim thereby so attempted to be enforced, any statute of limitations of any state or government to the contrary notwithstanding.

The opinion states the case.

### APPELLANT'S BRIEF.

The validity of limitations like these has been repeatedly

questioned (for it has ever been the public rule to regard an insurance contract as only binding on the company); although questioned, their legality has been uniformly sustained, and it may now be considered as settled that such provisions are valid. In the long list of cases in which this point has been litigated there are but two, both fire insurance, where it has been overruled : French v. Lafayette Insurance Co., 5 McLean (U. S.), 461, and Eagle Insurance Co. v. Lafayette Insurance Co., 9 Ind. 443.

The time clause has been sustained in the following cases: Riddlesbarger v. Hartford F. Ins. Co., 7 Wall. (U. S.) 386; Roach v. N. Y. & E. F. Ins. Co., 30 N. Y. 546; Ripley v. Etna F. Ins. Co., 29 Barb. 552; S. C., 30 N. Y. 136; Ames v. N. Y. Union F. Ins. Co., 4 Kern (N. Y.), 253; Amesbury v. Bowditch Mut. F. Ins. Co., 6 Gray (Mass.), 596; Keim v. Home Mut. F. & M. Ins. Co., 42 Mo. 38; Fulman v. N. Y. U. F. Ins. Co., 7 Gray (Mass.), 61; Cray v. Hartford F. Ins. Co., 1 Blatch. C. C. (U. S.) 80; Wilson v. Etna F. Ins. Co., 27 Vt. 99; Brown v. Roger Williams F. Ins. Co., 5 R. I. 394; S. C., 7 R. I. 301; N. Y. F. Ins. Co. v. Phœnix O. & C. Co., 31 Penn. 448; Brown v. Savannah Mut. F. Ins. Co., 24 Geo. 97; Carter v. Humboldt F. Ins. Co., 12 Iowa, 287; Gooden v. Amoskeag F. Ins. Co., 20 N. H. 73; Patrick v. Farm F. Ins. Co., 43 N. H. 621; Yoell v. Manhattan Ins. Co., 3 Pacific Law Rep. 9. In Williams v. Vt. Mut. F. Ins. Co., 20 Vt. 222, and Portage Co. Mut. F. Ins. Co. v. West, 6 Ohio St. 699, a similar limitation contained in the charter was sustained. Ketchum v. Protection F. Ins. Co., 1 Allen (New Brunswick) 135, 187, is an able decision upholding such limitation. Some of the States which recognize the right to enforce such limitations have restricted it by statutes. Nerck. Mut. F. Ins. Co. v. Lacroix, 35 Texas, 249; Cray v. Hartford F. Ins. Co., 1 Blatch. C. C. (U. S.) 280; Wilson v. Etna F. Ins. Co., 27 Vt. 99. A waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract or forfeiture of the condition. Repley v. Ætna Ins. Co., 30 N. Y. 136.

Mut. Benefit Life Ass'n v. Coats.

Sanders & Bowers, attorneys for appellant.

### Appellee's Brief.

The law does not favor any such clauses of limitation in policies of insurance, and they are strictly construed and are allowed to be readily waived. Home Life Insurance Company v. Pierce, 75 Ill. 426. In May on Insurance, Section 488, it is said, in discussing the subject of waiver of limitation clauses in contract:

" But this condition, like all others intended for the benefit of the insurers, may be waived by them; and as the condition is a harsh one in its bearing on the insured, and works a forfeiture when upheld, the courts will not require very stringent evidence in order to defeat its application. A positive act of the company, intending to induce postponement, is not necessary. And where the evidence upon this point is conflicting, waiver is a question of fact for the jury." Where the company has lulled the plaintiff into inactivity, it is held to have waived the condition as to time. In Bliss on Life Insurance, Sec. 270, and Allemania Fire Ins. Co. v. Peck et al., 33 App. 548, the by-laws of a private corporation bind the members only by virtue of their assent, and do not affect third persons. All regulations of a company affecting its business, which do not operate upon third persons, nor in any way affect their rights, are properly denominated by-laws of the company, and may come within the operation of the principle. State v. Overton, 4 Zab. 435, 61 American Decisions, 671.

Persons not members may be bound by the by-laws if they are written into the contract with the corporation, but a mere reference to them is not sufficient. Morawetz on Private Corporations, Vol. 1, Sec. 500.

Brown, Wheeler & Brown, attorneys for appellee.

Opinion of the Court, the Hon. George W. Wall, Judge.
This was an action on a benefit certificate or contract of insurance upon the life of Martha J. Coats for the benefit of

the appellee, issued by the appellant for the sum of $2,000. The plaintiff recovered. Two principal questions arose on the trial.

1st. Whether a health certificate, such as required by the by-laws of the association, was furnished by the assured for the purpose of reinstatement after a lapse by reason of failure to pay an assessment.

It appears that the assured was an illiterate person, who signed her application for insurance by affixing her mark; that when she received notice that a health certificate was necessary she caused it to be sent to one Parsons, who was her son-in-law and agent, with the request that he sign her name and forward to the company; that he did so; that she was in fact in good health at the time, and that the company, knowing this was not her signature, received from her thereafter twenty-five consecutive and regular payments for annual dues and mortuary assessments.

In the first place, then, the signature by Parsons, at her request, was her signature.

She adopted it as such and it was so treated by the association, though its officers must have known it was not in fact made by her hand.

Secondly, the receipt by the association of subsequent dues and assessments was a waiver of any possible irregularity in the execution of the health certificate. This issue was properly determined in favor of the plaintiff.

2d. Was the suit barred because not brought within one year from the death of the assured?

The death occurred May 17, 1890, and the suit was brought June 5, 1891. It appears that there were various communications between said Parsons, on behalf of the plaintiff, and the company, with reference to the claim; that the management of the company's affairs having changed, this was made an excuse for delay and for making some additional inquiries, and that these communications were continued during a period ending some eight months after the death of the assured, the last letter from the company, bearing date, January 30, 1891, excusing delay, explaining why the

investigation promised in preceding letters had not been commenced, and asking for an answer upon the point recently suggested, that another lapse had occurred. To this a reply was sent by Parsons, for the plaintiff, and nothing further transpired until the suit was brought.

We think the action of the company was such as to create in the mind of plaintiff a reasonable hope that an adjustment would be made and thereby to deter him from bringing his suit. Certainly this was so during the negotiations and for a reasonable time after the reply to the letter of January 30th. No further objection or inquiry being made, the plaintiff might well suppose the claim would be adjusted as soon as the proposed investigations were concluded. Previous letters had distinctly stated that the company would do what was right and had manifested a disposition to act fairly, and as already noticed, had offered ample and plausible explanations for the delay.

The reason so assigned implied also that because of the change in the administration of the company's affairs, and the great number of claims to be investigated, considerable further delay might be expected.

In view of the facts thus appearing, we think the jury could come to but one conclusion—that is, that the company ought not to interpose this defense, because it had by its own course misled the plaintiff by inducing him to believe the claim would be settled. Allemania Fire Ins. Co. v. Peck, 133 Ill. 220.

There is no defense disclosed by the record, and upon the merits of the case the verdict is clearly right. Indeed, we are of opinion that no other verdict could properly have been rendered. Counsel for appellant suggest sundry objections to the ruling of the court in giving and refusing instructions.

We think there is no substantial ground of objection in this behalf, and entertaining the view above expressed as to the merits of the case, we deem it unnecessary to examine and discuss the instructions in detail. The judgment will be affirmed.