## The German Insurance Company, of Freeport, v. E. W. Johnson.

1. INSURANCE—*Limitations of Suits Brought in Policies—Waiver.*— If an insurance company, in case of a loss by fire, holds out reasonable hopes to the insured that the loss will be adjusted, and by so doing deters the bringing of a suit for the recovery of the same until the limitation of the time fixed in the policy for bringing such suit has expired, the company will not be allowed to assert such limitation as a defense to the suit.

2. LIMITATIONS—*In Insurance Policies—Time Consumed in Negotiation for Settlement, etc.*—If a part of the time allowed under the conditions of an insurance policy for the bringing of suit upon a loss is consumed on negotiations touching a settlement, the time so occupied should be added to the period specified therein.

3. PRACTICE IN APPELLATE COURT—*Abstracting Instructions.*—The Appellate Court will not consider exceptions to the giving of instructions when none of the instructions given are properly abstracted.

4. ERROR—*Must be Made to Appear.*—Error must be made to appear; it will not be presumed.

Memorandum.—Suit for insurance. In the Circuit Court of Johnson County; the Hon. OLIVER A. HARKER, Judge, presiding. Declaration on the policy: pleas, general issue and limitations contained in policy; replication (see opinion); trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

WHITNEL & GILLESPIE, attorneys for appellant.

APPELLEE'S BRIEF, SPANN & SHERIDAN, ATTORNEYS.

As to the validity of the condition in the policy limiting the time for bringing the suit the authorities are conflicting. Many respectable authorities, it is conceded, hold that a condition of this character is void as against public policy. It does not affect the contract, but the remedy; a condition subsequent; for the payment of money after the liability is fixed by which the payment is barred, is a singular condition, and surely one which must necessarily result in great hardship. It is nothing less than an act of limitation of six months. A statute of limitation is founded upon public policy. A contract is void if made against the policy of the law. Not only this, but this limitation fixes a different time from the statute, and is in conflict with it. It seems to us that the weight of American authority does not support appellant's position, and in support of this statement we cite Mayor of N. Y. v. Hamilton Ins. Co., 39 N. Y. 46; Eagle Ins. Co. v. Lafayette Ins. Co., 9 Ind. 443; Stein v. Niagara Fire Ins. Co., 61 How. Pr. (N. Y.) 144; Barnum v. Merchants Ins. Co., 97 N. Y. 188; Spare v. Home Mut. Ins. Co., 17 Fed. Rep. 568; Vette v. Clinton Fire Ins. Co., 30 Fed. Rep. 668; Foreign v. Allemania Fire Ins. Co., 30 Fed. Rep. 352.

While such a provision in the policy was binding, it would be waived, if the company deterred the assured from bringing suit by holding out reasonable hopes of an adjustment. Peoria Ins. Co. v. Whitehill, 25 Ill. 466; Derrick v. The Lamar Ins. Co., 74 Ill. 405; F. and M. Fire Ins. Co. v. Chestnut et al., 50 Ill. 116.

From the case of The Andes Ins. Co. v. Fish, 71 Ill. 620; Riply v. Ætna Ins. Co., 30 N. Y. 174; Ins. Co. v. LaCroix, 45 Tex. 158.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This was an action brought by appellee against appellant

on a fire insurance policy. Appellant pleaded the general issue, and another plea to the effect that the suit was not brought within six months from the time of the loss, as was required by the terms of the policy. A special replication was filed to the latter plea in and by which it was alleged, that, according to the terms of the policy, any loss should be due and payable sixty days after the receipt of proper and satisfactory proof thereof by the company at Freeport, Illinois. It was further averred in this replication that appellee sought to make and deliver such proof within the required time, but that by reason of the long and vexatious delays of appellant in making known its objections to the proof, and because of the many captious and unreasonable demands made by appellant for correction of the proof of loss, appellee was unable to furnish appellant satisfactory proof of loss, and to get the same approved by appellant " in such time, that sixty days would elapse from the time of the last submission of the proof of loss before the expiration of six months after said loss was sustained." Appellant affirms that this replication was traversed, though no rejoinder thereto appears in the record, and that the truth or falsity of this replication was the vital question on the trial of the cause.

The record shows that the fire occurred on January 1, 1890, and that proof of loss was forwarded to appellant at Freeport on four different dates.

The first proof of loss was forwarded about the 20th day of January, or within a very short time thereafter. There is no evidence showing when the papers were received by the company, but the evidence does show that, on the 15th day of February, they were put into the hands of Joseph Weiman, special adjuster for the company. Here was a delay of nearly three weeks. Weiman returned the papers on the day he received them, to appellee, together with a letter requiring certain amendments to be made, among them the signing of the statement by two disinterested neighbors and by the magistrate living nearest the place where the loss had occurred, who should certify their belief that the state-

ment was true, and that the assured had, without fraud, sustained the loss as set forth in the proof.

Within a few days after receiving this letter, appellee made certain of the amendments to the proof required, manifestly endeavoring to conform to the demands of the company, except as to the certificates of two disinterested neighbors mentioned in Weiman's letter. The papers, as amended, were forwarded to appellant at Freeport, and received by the company on the 3d, or 4th day of March, and thereupon forwarded to N. H. Sikkema, general State adjuster. Sikkema received the papers on the 6th or 7th day of March, and on the latter day sent them to Weiman. This gentleman swears that he did not receive the papers until the 2d day of April, nearly four weeks thereafter. According to Sikkema's testimony, the papers were in his hands on the 30th day of March, and were forwarded by him on that day to Weiman. Where were these documents for the three weeks intervening between the 7th and the 30th days of March, on both of which days they were in Sikkema's hands? There are some vague hints in the testimony to the effect that they were miscarried or missent, in which case either Sikkema or the government is to blame. However that may be, Weiman returned the papers to appellee on the 3d day of April, with a letter in which a single objection was stated, that is to say, that the statement was not signed by the nearest justice of the peace as was required by the letter of the 15th of February. It seems that the statement was signed by Wise, and that the controversy was whether Wise or Chambers was the nearest justice of the peace to the burned building.

The evidence shows that Chambers was the nearest, as the bird flies, but that, by the public highway, one was as near as the other. Appellee caused the papers to be amended, however, so as to comply with this requirement of the company, and forwarded them so that they reached Weiman, through the company and Sikkema, on the 18th day of April.

Let it be noticed that the fire occurred on the 1st day of

January, and that the six months within which suit was required to be brought, would expire on the 1st day of July. Also that suit could not be brought, according to the averment of the replication, until the expiration of sixty days after proper and satisfactory proof was made. This being true, proper and satisfactory proof should have been in appellant's hands by the 2d day of May. One day's delay after this date would carry the time for bringing the suit beyond the 1st day of July, by adding the sixty days allowed for payment, and the limitation clause of the policy could be invoked as a bar to the maintenance of the action.

Up to the 29th day of April, appellant had led appellee to believe that the amount of the loss would be paid within a reasonable time after the completion of the proof. In the letter of the 3d day of April, but one objection was pointed out, which was equivalent to a declaration that when this amendment should be made the proof would be accepted and the policy paid. On the 29th day of April, however, Weiman, having held the completed proof for eleven days, returned the papers to appellee with the objection that they did not contain a certificate of two disinterested neighbors that the statement was true, and that the assured had, without fraud, sustained the loss as set forth in the proof. Why this delay of eleven days? Why the delay of three weeks on the receipt of the first proof, and of more than three weeks on the receipt of the second, especially when the limitation of time in the policy was very stringent, and the utmost expedition and good faith were required, in order that appellee might have a fair opportunity to assert his rights?

No satisfactory explanation of any of these delays is given by any agent or employe of the company. When Weiman returned the proof on the 29th day of April, did he not know that the policy in question insured no live stock, and that no claim for the loss of live stock had been made? Did he not also know that the certificate of two disinterested neighbors was required only in case of the loss of live stock? In his testimony he does not assert his igno-

rance of any of these matters. He must have been fully advised on all these points. Why, then, did he return the papers with this captious and unreasonable demand if not in the expectation that appellee would undertake to amend them in the specified particulars, and be unable to put the proof into the hands of the company at Freeport before the 3d day of May, and thus furnish appellant an opportunity for setting up the limitation clause of the policy as a defense ?

But, it is said, this is fraud; this is a "false issue"; the replication does not aver fraud, and therefore fraud, if established, is no answer to appellant's plea. The replication avers that appellee sought to make and deliver satisfactory proof within the required time, and this averment is sustained by the evidence. The replication also avers that by reason of the long and vexatious delays of appellant in making known its objections to the proof, and because of the many captious and unreasonable demands made by appellant for correction of the proof of loss, appellee was unable to furnish appellant *satisfactory proof of loss and to get the same approved by appellant in time*, and this averment is sustained by the evidence. The proof of loss was not at any time accepted as satisfactory, or approved, by appellant. The papers, after they left the hands of Weiman on the 29th day of April, appear in the hands of appellee's attorney on the 3d day of May. The attorney had the right to assume that by calling the company's attention to the fact that the amendment demanded was not required by the policy, the company would approve the proof furnished and make payment without suit within a reasonable time. At any rate it was now too late to sue, unless the limitation clause of the policy had been waived by appellant's conduct. On the 3d day of May the papers were returned to the company without amendment, and at the same time a letter was forwarded, stating the reason why the certificate demanded was not furnished, and asking the company to pay or refuse to pay the claim. This letter was never answered. Sikkema admits having the papers on the 16th day of May, and swears that he sent them to Weiman on the same day. Here let the matter rest.

German Ins. Co. v. Johnson.

But appellant insists that the fact that appellee attempted to bring this suit on the 15th day of May is an admission by him that the limitation clause had not been waived, but the waiver, if any, applied to that clause of the policy which allowed sixty days for payment after the receipt of proper proof of loss; appellant contends that no suit was in fact commenced till the 2d day of September. Appellee's counsel attempted to file a præcipe for a summons on the 15th day of May, but, by mistake, filed a præcipe for a subpœna. At the same time he ordered the clerk not to issue the summons, till he, the attorney, should call for it. Appellant strenuously contends that this was not the commencement of a suit. Conceding the correctness of this position, we are unable to see on what principle appellee is estopped by this inefficacious act from insisting now on the waiver of the limitation clause. We hold that the replication to the plea of limitation under the policy, having been sustained by the proof, the defense set up by that plea is out of the case.

In Allemania Fire Insurance Company v. Peck et al., 133 Ill. 220, the defendant pleaded in bar the failure of the plaintiff to sue within six months. The plaintiff replied that the defendant held out reasonable hopes of an adjustment, and thereby deterred the plaintiff from commencing his suit, and that the plaintiff honestly confided in the promises and pretenses of the defendant. It was also alleged that the plaintiff delayed bringing the suit at the defendant's request. It was held that the replication was good without the last allegation, and that this allegation need not be proved. The decision of the Supreme Court is upon the theory that, in such case, the defendant is estopped from setting up the limitation clause as a defense. There is no reason why this rule should not be applied to such a state of facts as is disclosed by the record before us. Nor is the court called upon to create a new limitation clause by adding the time lost to the six months provided for in the policy. The replication having been proved, the plea ceases to be a defense, and there remains no question of limitation in the case. But even if such a course should be pursued,

under the suggestion of the court in Allemania Fire Insurance Company v. Peck et al., 33 Ill. App. 548, only sixty-three days would be required here, this suit having been commenced on the 2d day of September, 1890, and the number of days being no more than the aggregate of the delays for which appellant should be held responsible.

It is said that the court erred in giving appellee's 1st and 3d instructions, and in refusing appellant's 1st, 2d, 3d and 4th instructions. The abstract states that instructions were given on the part of appellee and also on the part of appellant, covering altogether nine pages of the record, and yet not one of these instructions is set forth in full, or in substance, in the abstract. The four refused instructions appear in the abstract, but the instructions given may have covered fully the same ground. This court will not consider exceptions to the giving or refusing of instructions when none of the instructions given are abstracted. Joliet Street Railway Co. v. Call, 42 Ill. App. 41; McGillis et al. v. Anderson, 44 Ill. 601.

The fourth refused instruction propounded certain questions to the jury, but the record fails to show that any copy thereof was submitted to appellee's counsel before the commencement of the argument, and for aught that appears to the contrary, the instruction may have been refused for non-compliance with this requirement of the statute.

Error must be made to appear; it will not be presumed.

We see no material error in the record.

The judgment is affirmed.