## Chicago Pneumatic Tool Co. v. Eugene Munsell et al.

1. CORPORATIONS—*Defense of Ultra Vires Must Be Specially Pleaded.*—The defense of *ultra vires* can be set up by a corporation only when it has been by it specially pleaded.

2. SAME—*Act Through the President.*—The general rule is, that a corporation acts through its president and through him executes its contracts and agreements; and an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary, be presumed to have been authorized to be done by the corporate body,

**Assumpsit,** for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

STEERE & FURBER, attorneys for appellant.

L. V. FERRIS, attorney for appellees.

Chicago Pneumatic Tool Co. v. Munsell.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action of assumpsit brought by appellees for the agreed price of certain mica washers alleged to have been manufactured for and delivered to the defendant upon its order.    The plaintiffs recovered judgment against appellant for $239.99.    The principal defense of appellant is based upon its contention that the contract sued upon was *ultra vires* the defendant, and therefore void, and that the president of defendant had no authority to make the contract in question.    Appellant was incorporated for the purpose of manufacturing, selling and dealing in pneumatic tools.    Upon the trial it appeared that pneumatic tools are tools which are operated by compressed air; " the mica washers in question were ordered for use in connection with and as a part of an insulated electric joint; that such joint was a device designed to insulate electricity in a building, from other parts and fixtures of a building, and to insulate wire in connection with fixtures, and to connect gas fixtures in pipe; that said mica washers were a part of said joint and were of no value, except in connection with such joint; that neither said joint or said washer could be used in connection with the manufacture or sale of pneumatic tools."    The only plea filed by the defendant was that of non-assumpsit.

The defense of *ultra vires* can be set up by a corporation only when it has been by it specially pleaded.    5th Ency. of Pleading and Practice, 96; Lake St. El. Ry. Co. v. Carmichael, 184 Ill. 343–351.

The contract under consideration was made under the following circumstances:    In response to a letter addressed to W. H. Sills, signed by the Chicago Pneumatic Tool Company, Mr. Sills, as agent of the plaintiffs, called upon the defendant and an order was given by it to the plaintiffs for 50,000 micanite washers.    In this transaction, Mr. Duntley, president for the defendant, acted for it.    Previous to the filling of any order, samples of the mica washers were sent by the plaintiffs to the defendant and upon

the approval of the samples, orders were filled. In accordance with the orders, plaintiffs on February 19, February 28 and March 4, 1896, delivered to defendant mica washers of the aggregate value and at the agreed price of $239.99. None of the washers have been paid for, nor has any offer to return the same been made by the defendant or any one. The general rule is, that a corporation acts through its president and through him executes its contracts and agreements; and an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary, be presumed to have been authorized to be done by the corporate body. Moser v. Kreigh, 49 Ill. 84; Mitchell v. Deeds, 49 id. 416; Smith v. Smith, 62 id. 493; Glover v. Lee, 140 id. 102; The Anderson Transfer Co. v. Fuller, 174 Ill. 221–225; Bank of Minneapolis v. Griffin, 168 Ill. 314.

We do not regard the purchase of these washers as clearly beyond the power of the corporation. As manufacturers and vendors of pneumatic tools, the defendant would have been compelled to either purchase, build or lease a place in which to do business. If it desired to build, it might purchase bricks and material, none of which could be used in the manufacture or sale of pneumatic tools.

In the present case, the plaintiffs did not know to what use the mica washers were to be put. As a manufacturer of pneumatic tools, the defendant might install an electric plant for the purpose of driving its machinery, and might in so doing, make use of mica washers for the purpose of insulation.

We do not regard the case of The Chicago Pneumatic Tool Company v. The Jones Manufacturing Company, 91 Ill. App. 547, or that of the National Home Building Association v. Bank, 181 Ill. 35, as authority for the contention of appellant that the purchase of these mica washers was so foreign to the business for which appellant company was organized that its president could not in its name and for it, make a valid contract for the delivery to it of

such washers. Appellant, through its president, made a contract for the manufacture and delivery to it of these washers; received and receipted for them in three installments; and has kept them without any offer to return or pay for the same.

The judgment of the Circuit Court is affirmed.