# Annie E. Williams, Appellee, v. Bankers' Union of Chicago, Appellant.

## Gen. No. 15,910.

1. FRATERNAL BENEFIT SOCIETIES—*when statute requiring medical examination complied with.* In the event of a re-organization of a fraternal benefit society as to change its incorporation from another state to that of Illinois a medical examination taken by a member while such society was incorporated in the original state, is, after acceptance of dues by the society after incorporation in Illinois, a compliance with the Illinois statute.

2. FRATERNAL BENEFIT SOCIETIES—*when limitation as to time within which suit shall be brought will not bar recovery.* If the delay in instituting the suit is induced by the action of the defendant the limitation period will not bar the action.

3. PLEADING—*when overruling demurrer harmless error.* If upon the trial issues were heard as though such demurrer had not been overruled, its overruling is harmless error.

Appeal from the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed December 21, 1911.

J. W. BURDETTE, for appellant.

WALLACE STREETER, for appellee; JAMES HAMILTON LEWIS and CORNELIUS LYNDE, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee brought suit in the Municipal Court of Chicago against the appellant to recover for the death of her son, Walter J. Williams, on an insurance policy issued to the said insured by The Bankers Union of the World, a Nebraska society, and a certificate of reinsurance issued by appellant, an insurance society organized under the laws of Illinois.    The jury found the issues for the appellee and the court entered judgment on the verdict for the sum of $1041.

The insured was killed by an explosion of dynamite at Coeur D'Alene, Idaho, on April 17, 1907. The suit to recover as aforesaid was begun May 25, 1908. By the terms of the policy transferred to and assumed by the appellant, the same was subject to the constitution and by-laws of the society, which contained the following provisions:

"No action can or shall be maintained on any policy issued by The Bankers' Union of the World unless brought within one year from the date of the death of the member holding said policy * * *. Persons engaged in the following kinds of business or professions shall not be admitted as beneficiary members: * * * employed around or in gun powder, nitroglycerine or dynamite factory, or any one handling or using explosives, * * * blasters * * *. If a person engages in any of the employments or occupations herein enumerated after becoming a member of this fraternity, his benefit certificate shall become null and void by such act."

Counsel insists that the appellee failed to prove a cause of action. The contention is that the appellant was organized under the law of 1893 as a fraternal benefit society for the sole benefit of its members and their beneficiaries and not for profit; that said Act required on organization "the plan of doing business be clearly and fully defined * * * and that medical examinations are required."

The evidence showed that the insured took a medical examination and became a member of The Bankers Union of the World, the Nebraska society; that the said Bankers Union of the World in securing the reinsurance of its members in the appellant society, The Bankers Union of Chicago, by its supreme secretary wrote the insured, and all its members, in part as follows:

"You will be pleased to know that we have thought it best to make the Bankers Union of the World practically an Illinois institution. That State is older than Nebraska and has very much superior laws governing

Fraternal Orders. The Illinois Insurance Department has at its office always a regular actuary on insurance, whose special work it is to see to it that the plans of insurance societies operating under the said insurance department and under charters issued by such department, are safe and that they will fully protect the membership of such societies. The said Insurance Department of Illinois has issued a Charter to the Bankers Union. All the Insurance Department of said State requires us to do is simply to attach a Rider of Reinsurance of the Bankers Union of Chicago, to the policy of the Bankers Union of the World. No medical examination is required of you nor any other item involving any expense. You will continue to pay the same premium rate as heretofore, and you will be fully protected in all the rights and privileges of the policy you now hold in the Bankers Union of the World. The Bankers Union of Chicago is practically under the same management as the B. U. W. The headquarters will be moved from Omaha to Chicago. Future remittances will be made to that point, for which purpose I hand you under separate cover a dozen self addressed envelopes of the Bankers Union. I also hand you herewith in duplicate transfers or reinsurance riders of guarantee, which please sign, retaining one copy to file with your B. U. W. policy and mail the other copy to me in the enclosed stamped envelope to be filed with the Bankers Union of Chicago.''

That the said Supreme Secretary was at the same time the secretary of the appellant; that one E. C. Spinney was also at that time the president of both of said societies; that the insured consented, in writing, to the said transfer in form as requested in said communication, and paid to appellant all dues and assessments thereon. On the proposition that the insured took no medical examination, it is claimed he was not a member of appellant society at the time of his death, and hence there could be no recovery.

We are of the opinion that the evidence tended to show a reorganization of the Nebraska society and was

in effect a mere continuation of the business of the Nebraska society by the Illinois society and the medical examination taken by the insured in becoming a member thereof was, under all the circumstances in evidence, and so treated by the appellant, a compliance with the statute of this State in respect to the membership of the insured in the appellant society. It clearly appears that the appellant, with knowledge of said communications, accepted, considered and dealt with the insured as a member, and to say that it did not so consider the insured would be to confess being a party to a fraud practiced on all members' so secured.

It is urged by the appellant that the suit not being brought within one year from the death of the insured, there was no right of recovery. The jury found specially that the appellant held out to the appellee reasonable hopes of a settlement of the claim. We think the evidence sufficient to sustain the finding and also that the same tended to show that the appellee was thereby induced to delay bringing suit. Under the circumstances the appellant is held to have waived the said limitation clause. Allemania Fire Ins. Co. v. Peck, 133 Ill. 220; Illinois Live Stock Co. v. Baker, 153 Ill. 240; Mutual Benefit Assoc. v. Coats, 48 Ill. App. 185; German Fire Ins. Co. v. Johnson, 52 Ill. App. 585; Phoenix Ins. Co. v. Stewart, 53 Ill. App. 273.

The appellant claims that the evidence showed that the insured was occupied in blasting out stumps with dynamite. The insured resided with his father and other members of the family. About five thirty in the morning of the day of the accident there was an explosion of dynamite in the kitchen of their home, killing the insured and his father and doing great damage to the house. The appellant claims that the circumstances, there being no eye witness surviving, tended to show that the insured was occupied with dynamite to use in blasting stumps. The appellee claims that

the circumstances tended to show that the father was placing sticks of dynamite in the stove to thaw them out and the insured, party dressed, entered the kitchen just before the explosion.   The evidence tended to show that the father was using dynamite to blast out some stumps in the yard, and that at some time prior to the morning in question the insured was with him when he blasted out a stump.   The evidence conclusively showed the occupation of the insured was that of harness maker, and he had been so continuously employed for some time prior to the accident.   The jury specially found the insured was not engaged in blasting with, or handling, dynamite, and was not killed while handling dynamite.   We think the findings were clearly supported by the evidence.

It is claimed that the court erred in overruling the appellant's demurrer to appellee's replication to the fifth plea, involving the question of waiver of the time limitation for beginning suit.   The same issue thereby raised was also presented, and a trial had thereon, by the fourth plea, replication thereto and rejoinder to said replication.   The error, if any, in overruling the said demurrer, resulted in no injury to appellant and would not be held reversible error.   Barker v. Barth, 192 Ill. 460; Chicago City Ry. Co. v. McMeen, 206 Ill. 108.

The argument of the appellant on the merits of the defense interposed by the sixth plea, that of *ultra vires*, will not here be considered, for the reason that the said plea was withdrawn by the appellant before the trial. Lake St. Elev. Ry. Co. v. Carmichael, 184 Ill. 348; Chicago Pneumatic Tool Co. v. Munsell, 107 Ill. App. 344.

We have carefully considered the various objections of the appellant to the rulings of the court pertaining to the evidence and the instructions of the court to the jury, and the same present no grounds for reversal.

The judgment is affirmed.

*Affirmed.*