OMAHA WOOL & STORAGE COMPANY, APPELLEE, V. CHICAGO GREAT WESTERN RAILROAD COMPANY ET AL., APPELLANTS.

FILED OCTOBER 16, 1914. No. 17,628.

Corporations: CONTRACTS: EXECUTION: PRESUMPTION. A contract pertaining to the business of a corporation, when formally executed in its name by its president, will, in the absence of proof to the contrary, be presumed to have been authorized by the corporation, and the presumption is not necessarily rebutted by mere failure of the directors' record to show affirmatively that such authority had been given.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*W. D. McHugh, Greene, Breckenridge, Gurley & Woodrough, W. H. Herdman* and *Joline, Larkin & Rathbone,* for appellants.

*Brome & Brome, contra.*

ROSE, J.

This is a suit for the specific performance of an option to purchase at the agreed price of $7,500 a warehouse site in Omaha on the right of way of the Mason City & Fort Dodge Railway Company, defendant, the agreement having been inserted in a lease providing for the payment of an annual rental of $441 for the same premises. Charles Henry King was lessee and assigned the lease to plaintiff. The railroad company named held title to the leased land. Its corporate stock, except five shares, was owned by the Chicago Great Western Railway Company which, under a lease, operated the lines of the Mason City & Fort Dodge Railroad Company. The property and rights of the former, through a receiver's sale, were acquired by the Chicago Great Western Railroad Company, defendant. The lease for the warehouse site on the railroad's right of way was executed by A. B. Stickney and Charles H. F. Smith, receivers of the Chicago Great Western Railroad Company, and by the Mason City & Fort Dodge Railroad Company, by A. B. Stickney, president. The Central Trust Company of New York, defendant, had a mortgage on the property of the Mason City & Fort Dodge Railroad Company, before the lease for the warehouse site had been executed. By the terms of the mortgage, however, mortgagee obligated itself to release from its lien warehouse sites sold by the mortgagor. Under its lease plaintiff constructed at great expense, and afterward operated, a warehouse on the demised premises, paid the stipulated rentals, attempted to exercise its option to purchase the leased land for warehouse purposes, tendered the purchase price and demanded a deed. Performance on part of defendants was refused. The substance of the defense interposed is that the lease containing the option is not the

contract of the Mason City & Fort Dodge Railroad Company, because it was never authorized by the board of directors of that corporation. From a decree in favor of plaintiff defendants have appealed.

In assailing the decree for specific performance defendants argue: "That, where a corporation, situated as was the Mason City & Fort Dodge Railroad Company in this case, seeks to sell a part of its lands, the transaction must be carried out through its duly authorized board of directors; that its legal separate entity continues unimpaired in spite of the fact that it has mortgaged its property for a large amount and leased it subject to the mortgage."

Plaintiff, in conducting its warehouse business, patronized the railroad as a carrier. The warehouse inured to the carrier's benefit. The selling of portions of the right of way for warehouse purposes was not only within the power of the carrier, but was part of its general business. This right was protected by a contract requiring the mortgagee to release from its lien warehouse sites subsequently sold. It is insisted, nevertheless, that the option was never authorized at a meeting of the board of directors of the Mason City & Fort Dodge Railroad Company, and that therefore the agreement was void. The formal record of the proceedings of the board of directors does not affirmatively show specific authority for the sale. A witness testified that the agreement was never authorized at a board meeting. A by-law of the corporation, however, provides: "The executive power of the company shall be vested in the president, who shall preside over meetings of the board of directors and shall have the power and control over the affairs of the company when the board is not in session, subject to the approval of the board."

The lease on its face appears to be formal and valid, having been signed by the holder of the title as follows: "Mason City & Fort Dodge Railroad Company, By A. B. Stickney, President. Attest: G. F. Philleo, Asst. Secretary." There is nothing to indicate that Stickney attempted to act in his private capacity or for his in-

dividual profit, or that he did not act for the sole benefit of the corporation of which he was president. While there is some diversity of opinion, the weight of modern authority, as well as the better reasoning, supports the general principle that a contract pertaining to the business of a corporation, when formally executed in its name by its president, will, in the absence of proof to the contrary, be presumed to have been authorized by the corporation. *Gorder v. Plattsmouth Canning Co.,* 36 Neb. 548; *Chicago Pneumatic Tool Co. v. Munsell,* 107 Ill. App. 344; *National State Bank v. Vigo County Nat. Bank,* 141 Ind. 352; *White v. Elgin Creamery Co.,* 108 Ia. 522; *Little Saw Mill Valley Turnpike or Plank Road Co. v. Federal Street & P. V. P. R. Co.,* 194 Pa. St. 144; *Lloyd & Co. v. Matthews,* 223 Ill. 477, 7 L. R. A. n. s. 376; *Patterson v. Robinson,* 116 N. Y. 193; *Davies v. Harvey Steel Co.,* 6 App. Div. (N. Y.) 166; *Patteson v. Ongley Electric Co.,* 87 Hun (N. Y.) 462; *United States Nat. Bank v. Homestead Bank,* 18 N. Y. Supp. 758.

When the executive power of the president to control the affairs of the company is considered, as shown in the by-law quoted, together with the undisputed facts narrated, the presumption that he had authority to execute the lease containing the option is not rebutted by mere failure of the board's record to show affirmatively that such authority had been given. *Gorder v. Plattsmouth Canning Co.,* 36 Neb. 548. Want of authority is not otherwise shown.

On the record made, therefore, the option is enforceable. This conclusion makes the discussion of other questions unnecessary. Since the contract to sell the warehouse site is binding on the parties to it, mortgagee cannot defeat specific performance, because it bound itself to release from its lien warehouse sites subsequently sold.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.