83 11
25a 126
83 11
133 35
83 11
149 266
83 11
62a 479
83 11
67a 76
83 11
172 397
173 216
83 11
194 1210
100a 639

OLIVER G. BRYANT *et al.*

*v.*

SARAH J. VIX.

1. CHATTEL MORTGAGE—*assignee takes subject to defenses.* The privilege of exemption from defense which belongs to a negotiable promissory note in the hands of an innocent holder, for value, taking it before maturity, does not attach to a mortgage given to secure the payment of the note, but he takes the mortgage subject to the existing equities of the mortgagor, and as respects the mortgage, the mortgagor may make the same defense against such holder of the note as against the mortgagee himself.

2. AMENDMENT—*of decree without notice.* A material amendment of a decree, at a subsequent term of court, without notice to the opposite party, is unauthorized and erroneous.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. HENRY DECKER, for the appellants.

Messrs. ABBOTT & OLIVER, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, to enjoin the enforcement of a chattel mortgage.

The bill alleges, that on the 15th day of March, 1873, Oliver G. Bryant loaned to the complainant the sum of $400 for three months, at the usurious interest of six per cent per month, for which complainant gave to Bryant her promissory note, and a chattel mortgage upon certain personal property, to secure its payment; that there were successive renewals of the loan, and a subsequent additional one of $100, from time to time, at short intervals, at the same rate of interest, until June 14, 1874, when there was a renewal for two months longer, and the former note and mortgage canceled, and complainant gave her promissory note for $394, payable two months after date to the order of Edward P. Carter, secured by a chattel mortgage, upon the same property, to Carter, and that Bryant then stipulated to receive from her the same rate of interest above specified, which he afterward received; that the making of the note and mortgage to Carter was only colorable, and was for the benefit of Bryant; that Carter had transferred the note to William D. Sherwood, who was not an innocent purchaser for value, and was in collusion with Bryant; that the amounts which had been paid to Bryant were more than sufficient to pay the money loaned by him, with lawful interest.

The bill was filed against Bryant and Sherwood, who answered. The answer of Bryant admits the allegations of the bill with respect to the loan and reservation of the interest, and denies all else. It denies that the loan was renewed on the 14th of June, 1874, and avers, on the contrary, that on that day the complainant paid up the loan by the draft or check of Carter on the Third National Bank of Chicago; that she executed the note and mortgage to Carter for his (Carter's) sole use, in which Bryant never had any interest whatever.

The court below decreed in favor of the complainant, per-

petually enjoining any proceeding under the chattel mortgage. Bryant and Sherwood appealed.

The principal point of controversy is, as to the transaction between the complainant and Carter, whether it was one really with Carter himself, on his own individual account, or only colorably so, and in reality but a renewal of the former loan of Bryant in the name of Carter, for Bryant's benefit, making Carter but a nominal party, and Bryant the real party in interest. All the direct testimony upon the point is that of the two parties themselves, the complainant and Bryant, which is contradictory.

There are circumstances in the case which are corroborative of the testimony of the complainant, and of the idea that the transaction with Carter was a colorable one, as alleged. The decree must have found that it was such, and after a full examination of the testimony, we are unable to say that the finding in this respect was not warranted by the evidence.

It is claimed then, by appellants' counsel, that, admitting the note and mortgage to Carter to have been merely colorable, there was something due on the note after allowing all payments made to Bryant. A careful computation is exhibited of the amount due, computing the interest on the loan made to complainant at six per cent per annum, and giving credits for all payments made up to the time of filing the bill, showing, as the result, the amount of $55.20 still due upon the note. The only particular in which this computation appears to be subject to question, is in the amount of the payment made by a certain tenant of complainant. There is no dispute as to the amount of the payments made directly by the complainant herself. But there was an assignment from complainant to Bryant of two certain leases as collateral security, and Bryant received rents from the tenants. There is a difference as to the amount received from one of these tenants. Taking Bryant's statement of the amount, the note is not paid, and the computation is correct. Taking the tenant's statement of the amount he paid, the note would appear to be

fully satisfied.   We can not pronounce it error in the court to have accepted the tenant's statement instead of Bryant's.

Protection is claimed for Sherwood, as an innocent purchaser of the note before maturity.   It is the well settled doctrine of this court, that the privilege of exemption from defense which belongs to a negotiable promissory note in the hands of an innocent holder for value, taking it before maturity, does not attach to a mortgage given to secure the payment of. the note; that he takes the mortgage subject to the existing equities of the mortgagor; and that as respects the mortgage, the mortgagor may make the same defense against such a holder of the note, as against the mortgagee himself. Sherwood occupies no better position than Bryant, as respects the mortgage.

We perceive no sufficient reason why the original decree, rendered at the October term, 1875, should not stand, and it is affirmed.

At a subsequent term, the November term, 1875, the decree was amended by the court, on motion of the complainant's counsel, and without notice to the opposite party, by adding thereto the following words:

" It is further ordered and adjudged by the court, that the promissory note executed by said complainant to said Edward P. Carter, and described in the bill of complaint in the above entitled cause, is, and the same is hereby declared to be, fully paid and satisfied by said complainant, in moneys received from her and her tenants; that said mortgage to said Carter is, and the same is hereby declared to be, no longer valid and binding as a mortgage, the same having been left out of said decree by mistake when the same was written up by the clerk."

The original decree, rendered at the October term, merely ordered that the injunction theretofore issued in the cause, enjoining and restraining the defendants from seizing, selling, transferring, or in any manner disposing of or intermeddling with the property described in the chattel mortgage, be made perpetual, saying nothing whatever with regard to the note.

This amendment, made at a subsequent term of the court, without notice to the adverse party, was entirely unauthorized. *O'Conner* v. *Mullen*, 11 Ill. 57; *Coughran* v. *Gutcheus*, 18 id. 390; *Wallahan* v. *The People*, 40 id. 102; *O'Conner* v. *Wilson*, 57 id. 226.

Such amended portion of the decree is, therefore, reversed; in all other respects the decree is affirmed. The costs in this court will be divided equally between the parties.

*Decree affirmed.*