## THE BANK OF MINNEAPOLIS

*v.*

.THOMAS R. GRIFFIN.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*when assignment of error will be deemed waived.* Failure by appellant to refer in his brief to any ruling of the court concerning the admission or exclusion of evidence waives an assignment of error based upon those grounds.

2. CONTRACTS—*when offer of reward by bank president will bind the bank.* An offer of a reward made by a bank president for information leading to the arrest of a defaulter will be binding upon the bank, in the absence of proof that the president had exceeded his authority as limited by provisions of by-laws adopted by the bank.

*Bank of Minneapolis* v. *Griffin*, 66 Ill. App. 577, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

The action was attachment brought in the circuit court of Cook county by the appellee, against the appellant

bank. The declaration was in assumpsit, and contained one special and two common counts. The averments of the special count are, in substance, that on May 1, 1894, at the city of Minneapolis, Minnesota, the defendant offered and agreed to pay $500 to any person who would furnish the defendant any information leading to the arrest and delivery to the police authorities of Minneapolis of one Phillip M. Scheig, it being stated that the latter was the late paying teller of the defendant, and was wanted for grand larceny; that the said offer further provided that said information should be wired to V. M. Smith, superintendent of police, Minneapolis, Minnesota; that with knowledge of said offer and agreement, and relying thereon, plaintiff did furnish the defendant, and did wire the said superintendent of police, information which was received by them and acted upon by them, which led to the arrest and delivery to the police authorities of Minneapolis of said Phillip Scheig, wherefore plaintiff avers that defendant became and was liable to plaintiff for said sum of $500. Attached to said declaration was the following copy of the instrument sued on:

"500.00 REWARD!

WANTED FOR GRAND LARCENY!

PHILLIP M. SCHEIG,

Late Paying Teller of the Bank of Minneapolis,

Minneapolis, Minn., U. S. A.

"For information leading to his arrest and delivery to police authorities of Minneapolis the above reward will be paid by the bank. (Here followed the description of said Scheig, and information as to his peculiarities, habits, etc.) Wire information to V. M. Smith, Supt. of Police, Minneapolis, Minn."

To this declaration the general issue was filed and the issue submitted to a jury. Verdict and judgment for the plaintiff in the sum of $500 were entered, which were affirmed by the Appellate Court for the First District on appeal. This appeal is from the judgment of the Appellate Court, certificate of importance having been granted.

IRA L. JONES, and W. I. CULVER, for appellant.

G. W. & J. T. KRETZINGER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It is assigned for error the circuit court erred in its rulings regarding the admissibility of evidence and in giving and refusing instructions. No reference is made in the brief to any ruling of the court as to the admissibility of evidence, and that assignment of error is deemed abandoned.

The only alleged error of the court in the matter of giving or refusing instructions, mentioned in the brief, is, that the court refused to give an instruction directing the jury to return a verdict for the appellant bank. In support of this complaint of the action of the court in refusing that instruction it is urged, first, it did not appear, from the evidence, the appellant bank offered any reward; second, it appeared the appellee was a public officer charged by law with a duty to detect and assist in the arrest of criminals, and that therefore there was no consideration for any promise to pay him a reward to perform his official duty, and that a contract to pay him a reward was against public policy, and void; and third, it did not appear appellee furnished information which led to the arrest of the absconding teller of the bank.

We find in the record evidence tending to prove the president of the appellant bank went with two detectives to Oakdale, Tennessee, the home of appellee; that he carried with him a number of hand-bills, on which was printed the offer of reward as set out in the statement of the case; that he represented to appellee the bank had offered the reward, gave him one of the hand-bills and besought his assistance; that appellee furnished information as to movements of the teller which led to his arrest, and that the teller was convicted and incarcerated in the penitentiary. But it is urged no evidence

is to be found in the record tending to show the board of directors of the bank authorized a reward to be offered.

The general rule is, a corporation acts through its president, and through him executes its contracts and agreements, and an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary, be presumed to have been authorized to be done by the corporate body. (*Moser* v. *Kreigh,* 49 Ill. 84; *Mitchell* v. *Deeds,* 49 id. 416; *Smith* v. *Smith,* 62 id. 493; *Glover* v. *Lee,* 140 id. 102.)  An exception to this general rule may be created by the provisions of the by-laws of a corporation.  We find no proof in the record indicating the appellant corporation has adopted any such by-laws, and therefore the general rule applies to the act of its president.

It is not complained the court improperly instructed the jury as to the rule of public policy which forbids a public officer charged with the duty of enforcing the criminal law from accepting a reward to perform an act within the purview of his official duty.  The evidence sufficiently tended to show the appellee was not a public officer, but an employee of the Queen and Crescent Railroad Company, and that his duty with relation to crimes was confined to offenses against the property of that company.  No principle of public policy operated to invalidate the alleged contract to pay him a reward, nor was there a lack of consideration to support the contract. Appellee gave the president of the bank information which contributed to the arrest of the defaulting teller. The judgment of the Appellate Court is conclusive as to the weight of the testimony upon all these questions of fact.

We find no error of law in the record.  The judgment of the Appellate Court must be and is affirmed.

*Judgment affirmed.*