ERIC ANDERSON

*v.*

THE SOUTH CHICAGO BREWING COMPANY *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. CORPORATIONS—*president presumed authorized to consent to sale of mortgaged property by owner.* The consent of the president of a corporation to the sale, by the owner, of property upon which the corporation holds a chattel mortgage, is such an act as will be presumed, in the absence of contrary proof, to have been authorized by the corporation.

2. MORTGAGES—*assignee of chattel mortgage takes subject to existing equities.* The assignee of a chattel mortgage takes it subject to any defenses which might then be successfully interposed against his assignor.

3. SAME—*section 7 of Chattel Mortgage act construed.* Section 7 of the act on chattel mortgages, (Rev. Stat. 1874, p. 712,) which declares the sale of mortgaged chattels by the mortgagor without the mortgagee's written consent to be a misdemeanor, does not contemplate the punishment of the party purchasing the property from the mortgagor.

4. SAME—*purchaser is protected by mortgagee's verbal consent to sale.* A sale of mortgaged chattels by the mortgagor in accordance with

the verbal consent of the original mortgagee while the owner of the mortgage, does not authorize an assignee of the mortgage to exercise an option given therein to declare the mortgage debt due, and take possession of the property in case of such sale.

5. EVIDENCE—*admissions against interest by assignor of mortgage are competent against assignee.* The admissions of an assignor of a chattel mortgage against his own interest, made before he assigned the instrument, are admissible against his assignee.

6. SAME—*purchaser of mortgaged chattels may show verbal consent to sale.* The purchaser of mortgaged chattels, on bringing replevin against the assignee of the mortgage, who took possession of the property claiming a breach by reason of the sale, may show that the original mortgagee, before he assigned the mortgage, gave his verbal consent to the sale.

*Anderson* v. *South Chicago Brewing Co.* 67 Ill. App. 300, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

EDWARD OWINGS TOWNE, and JAMES H. STANSFIELD, for appellant.

ALLAN C. STORY, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was replevin brought in the circuit court of Cook county by the appellant, against the appellees, the South Chicago Brewing Company, James H. Gilbert, sheriff of Cook county, Thomas Murphy and Joseph Smith. The goods in controversy were certain articles of saloon furniture which the appellant claimed to have purchased and received possession of from one Charles Gustafson on the 13th day of June, 1893. Gustafson executed a chattel mortgage on the property under the date of the 26th of August, 1892, to the Merle & Heany Manufacturing Company, to secure an indebtedness of $632. The manufacturing company, after the 13th day of June, 1893, (about the 21st day of June, 1893,) assigned the said chattel mortgage to the Garden City Banking and Trust Company, and

said company, on the said 21st day of June, assigned the mortgage to the appellee brewing company. The said chattel mortgage contained a clause providing that if the mortgagor should sell or assign, or attempt to sell or assign, the mortgaged goods or chattels, or any interest therein, the mortgagee should have the option to declare the debt to secure which the mortgage was given, at once due and payable, and might take immediate possession of the property and sell the same, and apply the proceeds to the payment of the debt and costs of sale. The brewing company claimed the alleged sale of the mortgaged property by Gustafson to the appellant empowered it, under the said clause in the mortgage, to exercise the option to declare the entire debt to be due, and upon that theory, though no part of the mortgaged debt was due and unpaid according to the tenor of the notes given to evidence such debt, the brewing company declared the entire debt due and payable, and authorized the appellee Murphy, he being a constable, to seize the mortgaged property and expose the same for sale under the mortgage. On the 21st day of June, 1893, Murphy took possession of the property and placed it in the custody of the appellee Smith. The brewing company caused an execution to be issued on a judgment which had been entered in its favor against the said Gustafson on the 17th day of June, 1893, and the appellee Gilbert, sheriff, by his deputy, the appellee McCartney, by virtue of such execution, levied upon the same property on the 23d day of June, 1893.

On the trial in the circuit court the appellant offered to prove that the president of the Merle & Heany Manufacturing Company, while the company was the owner of the mortgage, in the presence of the appellant, verbally authorized the said Gustafson to sell the mortgaged property to the appellant and to deliver the possession thereof to him, and that he, in reliance upon such verbal consent of the mortgagee, bought and obtained possession of the

said mortgaged property with the knowledge and consent of the said manufacturing company, previously given, that such sale and transfer of possession might be made. But the court held such evidence was improper and excluded it. In our view this ruling of the court was erroneous. It is the general rule a corporation acts through its president and through him executes its contracts and agreements, and an act done by the president pertaining to the business of the corporation, not clearly foreign to the power of the president, will, in the absence of proof to the contrary, be presumed to have been authorized to be done by the corporate body. (*Bank of Minneapolis* v. *Griffin*, 168 Ill. 314.) A chattel mortgage is not an assignable instrument, and therefore the brewing company held the chattel mortgage assigned to it, subject to all defenses which could have been successfully made or urged against it had it remained in the hands of the manufacturing company. (*Bryant* v. *Vix*, 83 Ill. 11.) Would the evidence offered have been competent against the manufacturing company? If it would, it was competent against the brewing company.

It is insisted the evidence would not be competent against the manufacturing company for two reasons: First, that it is not permissible to prove the statements of one not a party to the suit, such statements being merely hearsay; and second, that the alleged assent to the sale being verbal, merely, the sale would be in violation of the provisions of section 7, chapter 95, of the Revised Statutes, entitled "Mortgages," which declare the sale of mortgaged property without the written consent of the mortgagee to be a misdemeanor, and subject a mortgagor who makes such a sale to punishment by a fine or by imprisonment in the county jail.

It is well settled the admissions of the assignor and holder of a non-assignable instrument, made before the assignment and against the interest of the then holder and owner of the chose in action, are admissible in evi-

dence against the assignee. (*Williams* v. *Judy*, 3 Gilm. 282; *Hanchett* v. *Kimbark*, 118 Ill. 121.) The consent alleged to have been given by the manufacturing company was that Gustafson might sell to the appellant. It was at the same time permission to the appellant, he being present, to buy from Gustafson. The statute in question does not provide for the punishment of the purchaser of mortgaged chattels. The act which is declared to be a misdemeanor is that of the seller, and the penalties of the statute are leveled only against the seller. The act of purchasing property is, within itself, lawful, and is not declared by the act to be unlawful. The appellant, in buying the property, did not commit either a crime or a misdemeanor, unless he should be deemed guilty as an accessory or an accomplice. We think the buyer in such case is not guilty of the offense created by the statute, either as principal, under our statute, or accessory or accomplice. The act denounced by the statute as a misdemeanor is not criminal in its nature, but is only so because it is prohibited by the statute. A statute which provides that an act otherwise lawful, and which is in its nature not criminal, shall be deemed a misdemeanor, and which provides for the punishment only of those who participate in a particular way in doing the act, will not be extended beyond its terms to those who in some other way take part in the commission of the prohibited act. (Bishop on Crim. Law, sec. 657; *State* v. *Cullins*, 53 Kan. 100.) Every sale of mortgaged property pre-supposes a buyer. The General Assembly could not have been unmindful of the fact there must in every sale be a purchaser as well as a seller, and it must therefore be presumed that if they intended the purchaser should, under the enactment in question, be subject to punishment such intention would have been declared in the statute, either in express terms or by extending the punishment to all persons aiding, counseling or encouraging the seller. This construction has been given to similar enactments in

other States, and we think there is substantial concurrence of judicial decision upon the proposition that an oral assent of a mortgagee to a sale of the property is always available to the purchaser under such statutes. Jones on Chattel Mortgages, sec. 458; Cobbey on Chattel Mortgages, sec. 637; *Gage* v. *Whittier,* 17 N. H. 312; *Pratt* v. *Maynard,* 116 Mass. 518.

The appellant does not, as we understand, claim the manufacturing company released the lien of the mortgage, but only that it consented the appellant might buy the property subject to the mortgage debt, and that, having so assented, the fact a sale was made under such assent cannot be seized upon as ground authorizing the exercise of the option to declare the mortgage debt due because the sale was made. This position is, we think, logical and correct, hence we think the court erred in excluding the proffered testimony.

The issues made on the pleas filed by the sheriff and his deputy, that the alleged sale of the mortgaged property to the appellant was only colorable, and that the possession of the property remained with Gustafson, and the property was therefore liable to seizure and sale under the execution in the hands of the sheriff, were not presented to the jury, for the reason the only instruction given to the jury was one which, in effect, peremptorily directed a verdict against the plaintiff on the ground that the sale of the property by Gustafson without the written consent of the mortgagee invested the brewing company with power to declare the mortgage debt due and to take and seize the mortgaged property. Therefore, reference to such issues is needless, and, in view of the fact such issues must be again tried, also improper.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*