## Cozzens and Beaton Typesetting Company v. Western Ranch and Irrigation Company.

### Gen. No. 10,953.

1. CORPORATION—*power of president of, to make contracts.* A president of a corporation has certain implied powers, generally recognized by the courts; he may make such ordinary contracts as are required in the every-day business of the company, such as arising in the routine of business may be imposed by custom or necessity, without special or express authority; and this notwithstanding the statute of this state provides that the corporate powers of a corporation shall be exercised by the board of directors.

310    APPELLATE COURTS OF ILLINOIS.

VOL. 112.] Cozzens & Beaton Typesetting Co. v. Western R. & I. Co.

Action commenced before justice of the peace. Appeal from the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 1, 1904.

ALDEN, LATHAM & YOUNG, for appellant.

A. B. MELVILLE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This suit was originally brought before a justice of the peace to recover for labor alleged to have been performed in setting up type for a publication said to have been published semi-annually by appellee. Appellant recovered before the justice, but on appeal the County Court directed a verdict in favor of appellee, and entered judgment accordingly.

It is urged that the trial court erred in taking the case from the jury and directing a verdict. There is evidence tending to show that the work was ordered by one Wilson, who was president of the appellee corporation; that he stated to appellant's president that he represented a corporation with money back of it and there would be no trouble in collecting the bill. Appellant's president thereupon agreed that the work should be done. The latter officer testified that when the bookkeeper asked him to whom the bill should be made out the witness replied he had forgotten the name of the company, but to send it to Wilson. The account was therefore charged to Wilson, appellee's president, on appellant's books, but the witness states that he sent to appellee to collect the bill, supposing that Wilson as appellee's president would look to it and see that it went to its proper place. The publication in controversy was introduced in evidence. It is entitled "Homestead Irrigation Settlement, Published Half Yearly by the Western Ranch and Irrigation Company of New Mexico." It appears therefrom that James W. Wilson is "President and Gen'l Manager." There is also evidence that one Bishop, treasurer of appellee, had promised to pay the bill within a few days.

Appellee's contention is that the evidence fails to show a contract made by Wilson as president and general manager in the name of appellee, that the authority of the president to contract the debt is not proven, and that the statute provides that corporate powers of a corporation shall be exercised by the board of directors, except when by-laws have been adopted. R. S., sec. 6, chap. 32. The president and general manager of a corporation has certain implied powers generally recognized by the courts. He may make such ordinary contracts as are required in the every-day business of the company, such as arising in the routine of business may be imposed by custom or necessity, without special or express authority. Green v. Blodgett, 49 Ill. 180, 186, and cases there cited. *Idem*, 55 Ill. App. 556, 562. Where the officer making the contract is the general manager and makes it in the ordinary course of business, it will be presumed he is acting within the scope of his powers. This presumption has been indulged where he has gone to the extent of executing a judgment note, although there was no express action of the corporation conferring the power. A stranger dealing with him in good faith on the faith of his apparent powers and without notice of facts showing that his act was unauthorized, may hold the corporation liable. Atwater v. Am. Exch. Bank, 152 Ill. 605, 620; Snyder Bros. v. Bailey, 165 Ill. 447, 452. The general rule is, a corporation acts through its president and an act pertaining to the business of the corporation not clearly foreign to the general power of the president done through him, will, in the absence of proof to the contrary, be presumed to have been authorized by the corporate body. Bank of Minneapolis v. Griffin, 168 Ill. 314, 317; Anderson v. Brewing Co., 173 Ill. 213, 216; Anderson Transfer Co. v. Fuller, 174 Ill. 221, 226.

In the case before us the debt in controversy is but $34.59. It is certainly a reasonable presumption that the president and general manager of the corporation had authority to contract a debt of this amount in the ordinary conduct of the company's business. Whether he did so

contract was a question for the jury and there was evidence which that body should have been permitted to pass upon.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*