Louis F. Elvin, Plaintiff in Error, vs. George Wuche-
tich, Defendant in Error.

*Opinion filed June 22, 1927.*

1. Mortgages—*mortgage must be accompanied by note which
it secures.* A mortgage cannot exist as an independent security
in the hands of one person while the note which it is given to se-
cure belongs to another.

2. Bills and notes—*delivery to endorsee is essential to trans-
fer title.* The endorsement of commercial paper payable to order
requires the signature of the payee and delivery is essential to
transfer title, as the endorsement, before delivery, is in the con-
trol of the payee and he may strike it out if he chooses.

3. Same—*burden is on possessor of unindorsed note to prove
equitable title by showing intentional delivery.* While possession
of a note by the payee or indorsee is evidence of legal title and the
right to receive payment, mere possession of a note payable to order
and not indorsed by the payee is not, alone, evidence of title, either
legal or equitable, in the possessor, but the burden is on the pos-
sessor to prove his equitable title by showing a delivery to him
with intent to pass title.

Writ of Error to the Second Division of the Appellate
Court for the First District;—heard in that court on writ
of error to the Circuit Court of Cook county; the Hon.
Philip L. Sullivan, Judge, presiding.

Bernstein, Zolla & Bernstein, (Wendell Carna-
han, and Aleck L. Bernstein, of counsel,) for plaintiff
in error.

Cohen, Tomas & Cohen, (Edward R. Weinstein, of
counsel,) for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

The Appellate Court for the First District reversed,
without remanding, a judgment of the circuit court of Cook
county in favor of the plaintiff, Louis F. Elvin, in an action

of replevin against George Wuchetich for a motor truck, and on the petition of Elvin, who was defendant in error in the Appellate Court, a writ of *certiorari* was awarded, and the record has been certified as a return to that writ.

The pleas denied the unlawful taking and unlawful detention of the property, and alleged property in the defendant. The burden of proof was on the plaintiff, by whom all the evidence in the case was introduced, to prove his title to the property. He offered the following documentary evidence:

(1) A contract, styled in the record a work contract, between the Red Ball Transit Company and the defendant, dated October 9, 1922, reciting a sale by the company to the defendant of the truck for $5000,—$800 in cash and the remainder as appears in the mortgage,—whereby the Red Ball Transit Company agreed, among other things, to furnish the defendant a total amount of $8000 worth of hauling during the period of fifteen months, it being understood that the payments on the mortgage on the truck were to be divided into fifteen equal monthly installments, and that during that time the Red Ball Transit Company should hold fifty per cent of the total earnings, to be applied on the mortgage and all other obligations to the company. The transit company further agreed "to allow payments to lapse wherein they do not furnish enough work that fifty per cent will pay the payments."

(2) A chattel mortgage on the truck, dated October 9, 1922, to the Red Ball Transit Company to secure the payment of fifteen notes, each for the sum of $200, the first due December 9, 1922, and the others on the tenth day of each successive month thereafter until all were paid.

(3) An assignment dated October 30, 1922, of this mortgage to the United States Motor Truck Company.

(4) An assignment on August 16, 1924, of the same mortgage, and the notes secured thereby, to the plaintiff. In this assignment the mortgage is described as made "to se-

cure the payment of seventeen promissory notes therein described, for the sum of $3000."

(5) The fifteen promissory notes secured by the chattel mortgage. On the back of each the words "Red Ball Transit Company" appeared stamped by a rubber stamp, with a line underneath for a signature, but there was no signature. All after the first four bore a like rubber stamp indorsement, with the letters "Mgr" at the end of the line for the signature, and the name "W. B. Hiner" written in ink on the line for the signature, but these indorsements were all canceled by lines drawn through them. Two other notes for $500, each bearing the same date but not secured by the mortgage, were also offered in evidence and objected to, but the ruling thereon was reserved, and it does not appear by the record that any ruling was ever made as to their admissibility.

(6) Ledger sheets of the Red Ball Transit Company showing the account of the defendant with that company from October 12, 1922, to June 11, 1925. All of the notes given to the company by the defendant for the deferred payments on the purchase price of the truck entered into the account, as well as all items of expense charged to him and all credits given him. The account shows a balance of $1516.86 against the defendant on June 11, 1925. The amount on May 22, 1924, was $1378.52. The increase was caused by insurance and interest on the balance charged after that date.

The defendant worked for the Red Ball Transit Company from October 9, 1922, until May, 1924, hauling merchandise throughout the country. It was expected that he would get enough work out of the contract so that he could pay the notes for the purchase price in fifteen months. The Red Ball Transit Company applied what he earned, first against any other amounts that he might owe it, and the residue on the mortgage notes. After he quit work in May, 1924, Gentry, the vice-president of the Red Ball Transit

Company, asked him to go back to work for the company, and told him that unless he did go back to work the company would have to re-possess the truck eventually. The replevin suit was begun on May 12, 1925.

It was essential to the plaintiff's right to recover, to show that at the commencement of the suit he had the legal title to the notes secured by the chattel mortgage. The assignment of the mortgage to the United States Motor Truck Company and by the United States Motor Truck Company to the plaintiff, without the transfer of the notes secured by the mortgage, had no effect to transfer to the plaintiff any interest in the truck. It has been often decided that a mortgage cannot exist as an independent security in the hands of one person while the note which it is given to secure belongs to another. (*Gaff* v. *Harding,* 48 Ill. 148.) The notes were payable to the order of the Red Ball Transit Company, and it was necessary to a transfer of the legal title that they should be indorsed by that company. The indorsement of commercial paper requires not only the signature of the payee or other holder of the legal title, but the delivery of the instrument to the indorsee. The assignment indorsed on the back of the note is in the control of the payee and he may strike it out if he chooses. The possession of an instrument for the payment of money by the payee or his indorsee is evidence that the debt witnessed by the instrument is an existing liability and that the person in possession is the legal holder and entitled to receive payment. (*Brinkley* v. *Going,* Breese, 366; *Parks* v. *Brown,* 16 Ill. 454.) The same presumption does not prevail in favor of a stranger to the instrument. The mere possession of a negotiable instrument payable to order and not indorsed by the payee is not, alone, evidence of title, either legal or equitable, in the possessor, but the burden is on the possessor to prove his equitable title by showing a delivery to him with intent to pass title. *Collins* v. *Ogden,* 323 Ill. 594.

The plaintiff was not shown ever to have been in possession of the notes. The Red Ball Transit Company was the payee, and the uncontradicted evidence in the record shows that it has at all times been in possession of the notes. Assuming, but not conceding or intimating, the validity of the plaintiff in error's assumption that the rubber stamp of the payee's name on the back of a negotiable instrument, without any evidence as to the manner in which it came there, the person who placed it there, his authority, or other circumstances in connection with it, is the signature of the payee, there still remains the necessity of proving a delivery of the instrument thus indorsed in order to transfer the title. Miss Jane O'Leary, a witness called by the plaintiff in error for the purpose of proving that the notes were unpaid, testified in regard to the ledger sheets on which appeared the account of Wuchetich, that they were books of original entries made by her or under her direct supervision; that the charges show the complete record of all of the transactions between Wuchetich and the Red Ball Transit Company, disclosing advances, insurance, repairing, interest and other items charged to his account, and credits under the various contracts and trucking performed by him; that Gentry handled the notes; that the fifteen mortgage notes introduced in evidence were still in the possession of the Red Ball Transit Company, and that interest was charged every month on the books of the Red Ball Transit Company against Wuchetich until after this suit was started. Gentry merely identified the various exhibits introduced in evidence. Miss O'Leary testified the notes were still in the possession of the Red Ball Transit Company, and that that company, having possession of them, had charged the defendant in error with the interest accruing on them and the insurance on the truck continuously,—not only to the beginning of the suit, but afterward. There was nothing to contradict this evidence. The plaintiff therefore failed to show that he was either the

legal or the equitable holder of the notes secured by the mortgage and so failed to prove his title to the property.

It is also contended that the evidence shows the notes were paid. We do not find it necessary to pass upon this contention.

The circuit court should have sustained the motion of the defendant for a finding in his favor, and the judgment of the Appellate Court reversing the judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*