Fred C. Towson, Plaintiff, v. Minnie E. Smith, Appellee. Sidney F. Smith, Appellant.

Gen. No. 9,063.

. Opinion filed October 15, 1937.

REDMON, REDMON & BODMAN, of Decatur, for appellant.

F. R. WILEY and C. C. MARTIN, of Decatur, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

In this case a complaint was filed by Fred C. Towson in the nature of an interpleader. He alleged that he had purchased certain farm lands from Jacob F. Smith; that he took title to the same by warranty deed, executed by the said Jacob F. Smith, a widower; that the purchase price for said real estate was $8,800, and as part payment for the same he gave his note for $7,000, secured by a mortgage upon the land purchased; that afterwards he paid $1,000 of the principal of the said note and also paid some interest on the same. The complaint further alleged that Minnie E. Smith, the appellee, at the time of the filing of the said complaint was in possession of the note and mortgage and that she claimed ownership of the same; that the said Jacob F. Smith died intestate on or about June 27, 1935, leaving two children, the appellee Minnie E. Smith and the appellant Sidney F. Smith, as his sole and only heirs at law. The complaint further recited that on February 27, 1936, letters of administration on the estate of Jacob F. Smith were issued by the county court of Macon county, Illinois, to Sidney F. Smith, and that Sidney F. Smith is now acting as administrator of said estate; that as such administrator, the said Sidney F. Smith also claims ownership of the said mortgage and note and demands that payment of interest and principal be made by the plaintiff to him as such administrator; that plaintiff desires to pay said note and the interest thereon and asks this court upon a hearing to determine which one of the defendants is the owner of and entitled to receive the money in payment of said mortgage and note.

The appellee, Minnie E. Smith, filed an answer to said complaint and after admitting the undisputed allegations averred that prior to the time when the real estate was sold to the complainant, the said Jacob F. Smith had conveyed the said real estate to her, by a deed, which had not been recorded; that after the execution of the note and mortgage by the said plaintiff, the said Jacob F. Smith had assigned them to her by written assignment and that she, the said appellee, had been in possession of them ever since as the owner thereof.

The appellant Sidney F. Smith also filed an answer in which he denied that the said Jacob F. Smith ever delivered the mortgage note to the appellee Minnie E. Smith during his lifetime and in said answer he averred that he was entitled to the note and mortgage as administrator of the estate of the said Jacob F. Smith, deceased; and that he had an interest in the proceeds of the said note as an heir at law of the said Jacob F. Smith. A replication denying these allegations was filed by the appellee Minnie E. Smith. The replication recites that the said Jacob F. Smith assigned, transferred and delivered the note and mortgage to her.

After the issues were thus formed the court entered a consent decree in and by which the amount due upon the note in question for principal and interest, to wit, $6,150, was ordered to be paid to the clerk of this court by the plaintiff Fred C. Towson, in discharge of said mortgage indebtedness and that said money be held by the clerk to abide the further order and decree of the circuit court as to the ownership thereof, and the right to receive the same as between the parties to this suit.

The facts introduced in evidence show that the appellee Minnie E. Smith, offered in evidence the note, mortgage and the written assignment of the mortgage.

Subsequently, Mrs. Susan Nichols, an aunt of both the appellant and the appellee, and a sister of the decedent Jacob F. Smith, testified that the note, mortgage and assignment were brought to Mr. Smith's residence in May, 1935, by a notary public, Clyde Young, and that he, Mr. Young, delivered the papers to the appellee, Minnie E. Smith; that afterwards she and the said Minnie E. Smith examined the papers and that they were the three instruments offered in evidence. For the appellant, Sidney F. Smith, the notary public, Clyde Young, stated that when he delivered the mortgage and the assignment to Minnie E. Smith he did not deliver the note. He stated later in his testimony that he saw the note afterward in the possession of Minnie E. Smith about the time of the death of Mr. Smith or while he was in the hospital.

The court found that the assignment was a good and valid one and that such assignment conveyed all right, title and interest in the mortgage and note to Minnie E. Smith. The decree ordered that the money in the hands of the clerk be paid to the said Minnie E. Smith. The appellant has prosecuted this appeal to reverse the judgment and decree of the circuit court.

It is the contention of appellant that the appellee, Minnie E. Smith, could not be the legal owner of the note because there was no transfer of the instrument which complied with the requirements of secs. 50 and 51 of ch. 98 of Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 89.050, 89.051. Section 50 reads as follows:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof; if payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery."

Section 51 provides:

"The indorsement must be written on the instrument itself or upon a paper attached thereto. The

signature of the indorser, without additional words, is a sufficient indorsement, and the addition of words of assignment or guaranty shall not negative the additional effect of the signature as an indorsement, unless otherwise expressly stated."

In this case there was no indorsement by Jacob F. Smith on the back of the note. The appellee was neither the payee nor the indorsee of the note, and it was not payable to bearer. Under this state of facts appellant urges there was no proof of delivery and the decree of the court contained no such finding. He urges that the trial judge did not find questions of fact adverse to appellant but that he merely held in the decree that the assignment of the mortgage carried the note with it as a matter of law. He relies chiefly upon the case of *Elvin v. Wuchetich,* 326 Ill. 285, wherein the court stated: "The endorsement of commercial paper requires, not only the signature of the payee or other holder of the legal title but the delivery of the instrument to the endorsee." "It was essential to the plaintiff's right to recover to show that at the commencement of the suit he had the legal title to the notes secured by the chattel mortgage."

That case was a replevin action. The defendant gave a chattel mortgage and notes to the Red Ball Transit Company. The mortgage was assigned to the United States Motor Truck Company, and this company executed an assignment, which purported to assign the mortgage and the notes secured thereby to the plaintiff. At the trial the plaintiff produced the notes, but they were not properly indorsed and there was no proof of delivery. The court held that the mortgage could not be considered the property of the plaintiff unless the notes also belonged to the plaintiff, and the mere possession by the plaintiff at the time of the trial was not sufficient. In that case however, the plaintiff was not shown ever to have been in possession of the notes. The Red Ball Transit Com-

pany was the payee, and the uncontradicted evidence in the record showed that it had at all times been in possession of the notes. The bookkeeper of the Red Ball Transit Company testified that the notes were still in the possession of that company, and that the company having possession of them had charged the defendants on its books with the interest accruing on them and the insurance on the truck purchased continuously, not only to the beginning of the suit but afterwards. For this reason the court held the plaintiff was neither the legal or equitable holder of the notes secured by the mortgage, and had failed to prove title to them.

In this case no such situation is presented. On the trial the appellee appeared with the note, mortgage and assignment in her possession, and offered all three in evidence. In addition thereto, the oral evidence of Susan Nichols was taken. She was an aunt of both the appellant and appellee. She testified positively that she was present at the time Young delivered the note, mortgage and assignment to the appellee; that after Young left, she and Minnie E. Smith examined the instruments. As against this testimony the appellant called Young, who acknowledged the assignment, and he stated that he did not deliver the note at the time the assignment and mortgage were delivered. He admitted, however, that he did see the note in the possession of Minnie E. Smith at the time her father was in the hospital. We do not agree with appellant that the testimony of Mrs. Nichols should be wholly disregarded. As between her evidence and that of Young we would say that she appeared to be much more certain about the facts she testified to than Young. At least the trial court on the hearing had the opportunity of seeing, hearing and observing the two witnesses on the stand and giving each such consideration as they were entitled.

We believe the testimony in this case warranted the court in finding that the assignment was a good and valid assignment and that such assignment under the proof in this case conveyed all the right, title and interest in the mortgage and note to Minnie E. Smith and that the title to the same was in the said appellee.

For the reasons set forth the decree of the circuit court is affirmed.

*Affirmed.*